709 F.2d 508
 Louise Ellen Bluestone SMITH, Appellant,
v.
William G. HALIBURTON, Acting Field Representative and
Officer-in-Charge, Minnesota Sioux Area Field Office, Bureau
of Indian Affairs, and his predecessor, Richard L.
McLaughlin; the Shakopee Mdewakanton Sioux Community; and
George Crooks, Allen Prescott and Robert Prescott, Appellees.
 No. 82-2144.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 17, 1983.
Decided June 15, 1983.
 
 Bernard P. Becker, St. Paul, Minn., for appellee Crooks.
 James M. Rosenbaum, U.S. Atty., Francis X. Hermann, Asst. U.S. Atty., Minneapolis, Minn., for Federal appellees and The Shakopee Mdewakanton Sioux Community.
 Mitchell R. Hadler, Minneapolis, Minn., for appellant Larry Leventhal & Associates.
 Allen Prescott pro se.
 Robert Prescott pro se.
 Francis X. Hermann, Minneapolis, Minn., for appellees Haliburton, McLaughlin and Shakopee Mdewakanton Sioux Community.
 Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Louis Ellen Bluestone Smith sought a writ of mandamus in the United States District Court for the District of Minnesota,[1] ] to require the defendant Haliburton, an official in the Bureau of Indian Affairs, to include a 10-acre tract of land in the inventory of trust assets of the estate of Mayme Maxine Gofas, Smith's sister. Smith claims a right as heir in the 10-acre tract of land. Smith also sought an injunction preventing the defendants Crooks and Robert and Allen Prescott from further developing the land she claims.
 
 
 2
 The district court dismissed Smith's action, holding she had not exhausted her administrative remedies pursuant to 5 U.S.C. Sec. 704 (1976). At the time of the district court's ruling, and at the time this case was argued on appeal, there remained pending before an administrative law judge (ALJ) a petition to probate the assets of Gofas' estate. In the probate action, Smith filed an exception to the failure to include the disputed 10-acre tract as a trust asset subject to probate. These matters are still pending before the ALJ. Although Smith asserts that further exhaustion of the administrative remedies would be futile, we find that this is not conclusively shown. We affirm the district court's dismissal for the reasons set forth in its opinion.
 
 
 3
 Affirmed. See 8th Cir. R. 14.
 
 
 
 [1]
 The Honorable Diana E. Murphy presiding